155 N.J. Super. 567 (1978)
383 A.2d 131
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCISCO A. MARRERO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1977.
Decided January 23, 1978.
*569 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Alan I. Smith, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Helen E. Szabo, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was found guilty by a jury of possessing a pistol in an automobile without first having obtained a permit to carry the same in violation of N.J.S.A. 2A:151-41 a. The fine imposed of $250 was suspended. Defendant appeals.
In September 1974 defendant was seriously injured when the automobile he was driving hit a utility pole. After he was removed from the automobile, the investigating police officer found a holster containing a loaded .22 caliber automatic pistol on the floor of the car. In October 1975 defendant was indicted for the unlawful possession of the pistol. Defendant, who had never been convicted of crime or even involved with the criminal process, applied for enrollment in the Middlesex County Pretrial Intervention Program. In March 1976, while defendant's application was pending, the State moved the trial of the indictment without objection by defendant. Defendant was represented by an assistant deputy public defender who apparently neither knew nor was informed of defendant's PTI application, which was still pending, even though the assistant deputy public defender representing defendant in connection with his application worked out of the same local office. On March 31, 1976, defendant was found guilty of unlawfully possessing a pistol. On May 10, 1976 a hearing was held on defendant's application for enrollment in the PTI program. The Program Director recommended defendant for enrollment in the program and the Middlesex County Prosecutor concurred in the recommendation. At the conclusion of the *570 hearing, the judge designated to act on PTI matters granted defendant's application.
Thereafter, on May 24, 1976 defendant appeared for sentencing before the judge who presided at the criminal trial. The trial judge stated that he spoke with the PTI judge, who did not know about the conviction when he granted the defendant's application. In light of this new information the PTI judge felt that the defendant's application was improvidently granted and rescinded his authorization. The trial judge then imposed sentence, fining defendant $250, which was suspended. This appeal followed.
Defendant seeks a reversal of his conviction contending, solely, that he was denied his constitutional right to the effective assistance of counsel because his trial counsel failed to object to or move for a trial stay, pending final determination of his PTI application.
We are convinced, as a matter of fundamental fairness and substantial justice, that defendant's conviction and the sentence imposed thereon should be vacated and he should be readmitted to the PTI program, subject to the condition hereinafter specified. Defendant was prima facie eligible for enrollment in the PTI program. His interest in achieving diversion was important enough that he should not have been compelled to stand trial before his application was acted upon. Cf. State v. Leonardis, 71 N.J. 85, 117 (1976). In conformity with the accepted standard of competence demanded of attorneys in criminal cases, defendant's trial counsel should have objected or moved to stay the trial, pending determination of defendant's application. At the very least before trial he should have called the trial judge's attention to the fact that such an application was pending. Unfortunately, as we have pointed out above, trial counsel did not know that defendant had applied for admission to the PTI program, and that the application was still pending when the State moved the indictment for trial. The trial counsel's lack of knowledge may have been the result of both an administrative error by the local public defender's *571 office and a lack of communication between trial counsel and defendant, who apparently had a limited understanding of the English language. Regardless of the reason underlying trial counsel's lack of knowledge, his failure to object or move to stay the trial under the circumstances of this case was of such a nature and magnitude as to thwart defendant's constitutional right of the effective assistance of counsel. It effectively deprived him of his right to participate in the diversionary program which the Program Director's recommendation and the prosecutor's concurrence virtually assured. To permit the conviction to stand and to deprive defendant of this important right would constitute a manifest denial of justice.
Accordingly, defendant's conviction and the sentence imposed thereon are vacated and the order approving defendant's enrollment in the Middlesex County Pretrial Intervention Program is reinstated, subject to the understanding that defendant, if he fails to complete the program properly, may not plead double jeopardy upon the resumption of the prosecution.